UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

YADWINDER SINGH,

Petitioner,

v.

CAUSE NO. 3:26-CV-479-CCB-SJF

WARDEN,

Respondent.

## ORDER TO SHOW CAUSE

Immigration detainee Yadwinder Singh, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. (ECF 1.) He alleges he is a citizen of India who entered the United States 28 years ago. In March 2026, he was taken into custody by agents of United States Immigration and Customs Enforcement (ICE) in Indiana after being detained by local law enforcement in connection with a traffic offense. He is currently being detained at Miami Correctional Facility pending the outcome of his removal proceedings. He argues that his detention without an opportunity for bond violates applicable statutes and regulations, as well as the Fifth Amendment's Due Process Clause. He seeks immediate release from custody or a prompt bond hearing before an immigration judge.

The court has subject matter jurisdiction under 28 U.S.C. § 2241 to review the legality of the petitioner's detention, but that jurisdiction does not extend to reviewing orders of removal issued by an immigration court or discretionary decisions of the

Attorney General. *See Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Here, Mr. Singh alleges that his detention without an opportunity for bond is unlawful. The court has jurisdiction to consider that issue.

Some issues regarding detention under the Immigration and Nationality Act have already been thoroughly examined in this court and in many other courts across the country. Specifically, this court has joined the overwhelming majority of courts in concluding that 8 U.S.C. § 1225(b)(2) does not apply to noncitizens who were apprehended in the interior of the United States years after they entered. *See Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *see also De Jesús Aguilar v. English*, No. 3:25cv898, 2025 WL 3280219 (N.D. Ind. Nov. 25, 2025) (Leichty, J.), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.). Notably, the Seventh Circuit concluded in deciding an application for a stay pending appeal that the government was unlikely to succeed on its argument that the mandatory detention provision in § 1225(b)(2) applies to noncitizens arrested by ICE in the interior of the United States. *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025).

To the extent the respondents would raise the same arguments about subject matter jurisdiction and the applicability of § 1225(b)(2) already discussed in *Mejia Diaz*, *De Jesús Aguilar*, and *Singh*, there is no need to rehash these same arguments. The court will deem such arguments preserved for review without need to repeat them in briefing, and will likewise deem them addressed by the court's previous orders, unless

there is cause to address something new. The parties need only brief what is different or new, not what has been decided, and those issues particular to this petitioner.

Mr. Singh asks the court to order a response within three days, as specified in 28 U.S.C. § 2243. Section 2243 is not controlling, however, as it has been superseded by the Rules Governing 2254 Cases, which also applies to habeas corpus petitions filed under § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts; *see also Bleitner v. Welborn,* 15 F.3d 652, 653–54 (7th Cir. 1994) (discussing how Rule 4's grant of discretion to district judges to set deadlines supersedes the deadlines in § 2243). Nevertheless, a short deadline is warranted given the pressing nature of his claims.

For these reasons, the court:

(1) **DIRECTS** the clerk to serve a copy of this order and the petition (ECF 1) on the Warden of Miami Correctional Facility at the Indiana Department of Correction;

(2) **DIRECTS** the clerk to email a copy of this order and the petition (ECF 1) to the Indiana Department of Correction; the Warden of Miami Correctional Facility at Miami Correctional Facility; and the United States Attorney for the Northern District of Indiana;

(3) **ORDERS** the IDOC, the Warden, and the United States Attorney to acknowledge receipt of the petition to the clerk and DIRECTS the clerk to make a notation on the docket upon receiving confirmation of receipt of those deliveries;

(4) **ORDERS** the respondent to file an answer to the petition by **April 21, 2026**, addressing petitioner's arguments that he is being illegally detained and providing

relevant immigration records, including any administrative warrant issued for his arrest pursuant to 8 U.S.C. § 1226(a); and

(5) **GRANTS** the petitioner until **April 28, 2026**, to file a reply in support of his petition.

SO ORDERED on April 13, 2026.

_/s/_ _Cristal C. Brisco_
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT