UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

YADWINDER SINGH,

      Petitioner,

      v.                                CAUSE NO. 3:26-CV-479-CCB-SJF

WARDEN,

      Respondent.

## **OPINION AND ORDER**

Immigration detainee Yadwinder Singh, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. (ECF 1.)

Mr. Singh is a citizen of India who entered the United States in 1992 without inspection. (ECF 1 at 4; ECF 8-2 at 2.) Removal proceedings were initiated against him in 1994, and three decades later are still pending.[1] (ECF 1 at 4.) During much of this period Mr. Singh was released on his own recognizance and had authorization to work. (ECF 5-2 at 1-2.) In March 2026, he was arrested on a drunk-driving charge in Johnson County, Indiana. (*Id.*) On March 11, 2026, his release was revoked and he was taken into custody by Immigration and Customs Enforcement (ICE) agents in Indiana pursuant to an

---

[1] As he describes his immigration history, he was first served with an order to appear in immigration court in 1994. He was ordered removed in absentia, left the United States in 1996, and then re-entered the country in 1998 without inspection. In 2006, his removal proceedings were reopened so he could pursue an application for adjustment of status. He was again ordered removed by an immigration judge, but in 2012, the BIA returned the case to the immigration judge for further proceedings, which have yet to be resolved. (ECF at 1-2.) Publicly available information on the Executive Office of Immigration Review's website reflects that he has a hearing scheduled in June 2026 before an immigration judge.

administrative warrant.[2] (ECF 5-2 at 2; ECF 5-3 at 1.) He was subsequently transferred to Miami Correctional Facility, where he remains at present pending the conclusion of his removal proceedings. (ECF 1 at 1; ECF 5.) He argues that immigration officials will not consider him for release on bond and that his detention without an opportunity for bond violates applicable statutes and the Fifth Amendment's Due Process Clause. (*Id.* at 16-17.) He seeks release from custody or a prompt bond hearing before an immigration judge. (*Id.* at 17-18.)

In an order to show cause, the court directed the Warden to address the petition in light of *De Jesús Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026), and subsequent cases, which joined the overwhelming majority of other district courts in concluding that § 1225(b)(2) does not apply to noncitizens who are not "seeking admission" at a port of entry and are instead arrested within the interior of the United States. (ECF 2.) The parties were instructed only to brief "what is different or new, not what has been decided, and those issues particular to this petitioner." (*Id.* at 3.) The Warden answered the petition (ECF 5), and Mr. Singh filed a reply (ECF 6).

The Warden repeats his argument from *De Jesús Aguilar* and other recent cases that this court lacks jurisdiction over the petition and that Mr. Singh is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because he is an applicant "seeking admission"

---

[2] Under applicable regulations, the Attorney General or her delegate may decide to re-detain a noncitizen who was released on his or her own recognizance where there are "changed circumstances," such as where the noncitizen has an arrest or conviction while on release. *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006). Mr. Singh does not dispute that he was arrested for a drunk-driving offense in March 2026.

within the meaning of that statute. (ECF 5.) These arguments were rejected in *De Jesús Aguliar* and subsequent decisions by judges in this District. *See, e.g., Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.). The court continues to be of the view that jurisdiction is secure and that the statute cannot reasonably be interpreted in the manner urged by the government. Notably, the Seventh Circuit held in deciding a motion for a stay pending appeal that the government was not likely to succeed on its argument that the mandatory detention provision contained in § 1225(b)(2) applies to noncitizens who are arrested in the interior of the United States.[3] *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025).

The court reaffirms its holding that the mandatory detention provision in 8 U.S.C. § 1225(b)(2) does not apply to individuals like Mr. Singh who are arrested within the interior of the country years after their arrival. That leads the court to 8 U.S.C. § 1226(a), the "default rule" for detention of noncitizens who are "already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). That statute provides: "On a warrant issued by the Attorney General, an alien may be arrested and detained" while removal proceedings are pending, and the Attorney General "(1) may continue to detain the [noncitizen]; and (2) may release the [noncitizen] on (A) bond . . . or (B) conditional parole" until removal proceedings conclude. 8 U.S.C. § 1226(a). The Supreme Court has

---

[3] The Second Circuit recently rejected the government's interpretation of § 1225(b)(2). *See Cunha v. Freden*, ___F.4th___, 2026 WL 1146044 (2d Cir. Apr. 28, 2026). The court is aware of the 2-1 opinions in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), and *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), reaching a different conclusion. These opinions are not binding in this Circuit, and the court remains convinced that its analysis of § 1225(b)(2) is sound until guidance comes from the Seventh Circuit.

held that a noncitizen detained under § 1226(a) is entitled to an individualized bond hearing. *Jennings*, 583 U.S. at 306.

Here, Mr. Singh was arrested pursuant to a warrant, which accords with § 1226(a). (ECF 5-3 at 1.) However, he has not been granted an opportunity for bond because the government views him as categorically ineligible for bond under § 1225(b)(2). (*See* ECF 5.) This was error for the reasons previously explained. The court concludes that the appropriate remedy in this situation is an order requiring the government to provide him with a prompt bond hearing in accordance with 8 U.S.C. § 1226(a) and its implementing regulations.[4] *See Cornejo Rivera v. Olson*, No. 3:25-CV-1090-CCB-SJF, 2026 WL 81753 (N.D. Ind. Jan. 12, 2026) (Brisco, J.).

The Warden argues that the court should not grant Mr. Singh any relief until he exhausts all available administrative remedies, including filing a motion for bond with an immigration judge and appealing any adverse ruling to the Board of Immigration Appeals (BIA). (ECF 5 at 6.) "[E]xhaustion of administrative remedies is not statutorily mandated" in cases brought under § 2241. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). Therefore, whether to require exhaustion is a matter of "sound judicial discretion." *Id.* The court may require administrative exhaustion in § 2241 cases challenging a noncitizen's detention as a matter of judicial economy or administrative

---

[4] The Warden points out that Mr. Singh has prior convictions from the early 2000s in addition to the pending drunk-driving charge, but does not argue that he is ineligible for bond under 8 U.S.C. § 1226(c) because of a criminal record. (ECF 5.) The court therefore does not explore whether mandatory detention might be authorized by some other statutory provision. *See Clark v. Sweeney*, 607 U.S. 7, 9 (2025) ("In our adversarial system of adjudication, we follow the principle of party presentation. The parties frame the issues for decision, while the court serves as neutral arbiter of matters the parties present." (internal citations and quotation marks omitted)).

4

comity, but "individual interests demand that exhaustion be excused when . . . appealing through the administrative process would be futile because the agency . . . has predetermined the issue." *Id.* (citation omitted).

Mr. Singh argues that it would be futile to pursue a request for bond through the agency in light of *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), holding that noncitizens without legal status are subject to mandatory detention under 8 U.S.C. § 1225(b)(2). (ECF 6.) The court agrees, because it is evident from the record (and from the many other habeas petitions filed in this District in recent months) that the government views individuals like Mr. Singh as categorically ineligible for bond.

Recent proceedings in a case out of California further support the conclusion that it would be futile to require Mr. Singh to pursue administrative remedies before granting him habeas relief. In February 2026, a judge in the Central District of California issued an order vacating *Hurtado* on behalf of a nationwide class of individuals who were arrested by ICE within the interior of the United States and denied an opportunity for bond. *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026), *appeal docketed*, *In re Lazaro Maldonado Bautista*, No. 26-1044 (9th Cir. Feb. 23, 2026). The government has appealed, and, at the government's request, the Ninth Circuit recently stayed the court's class certification order and final judgment "insofar as they extend beyond the Central District of California," and stayed the court's post-judgment order vacating *Hurtado* in its entirety. *Maldonado Bautista*, No. 26-1044 (9th Cir. order dated Mar. 31, 2026). The district judge's decision vacating *Hurtado* is thus unlikely to change the outcome of a bond request or appeal filed by an individual like Mr. Singh, who is outside

5

of California. These recent proceedings also confirm that the government remains committed to its interpretation of § 1225(b)(2), notwithstanding the prior rulings of this court and many others across the country. The court finds that the exhaustion doctrine does not present a barrier to relief in this case.

Mr. Singh presses for outright release, but the court views the opportunity for an individualized bond hearing as the correct remedy. He was detained pursuant to a warrant issued by an immigration officer in accordance with 8 U.S.C. § 1226, and it is for the Attorney General to decide whether release is warranted under the circumstances presented by this case. *See Bolante v. Keisler*, 506 F.3d 618, 621 (7th Cir. 2007) (federal court's inherent authority to release individuals seeking habeas corpus relief is curtailed by statutory structure that applies in immigration cases). However, if the government does not provide him with an individualized bond hearing, then he must be released, because his continued detention without an opportunity for bond is unlawful. 8 U.S.C. § 1226(a); *Jennings*, 583 U.S. at 306.

Because the court concludes that Mr. Singh is entitled to relief as a matter of statutory law, the court does not reach his alternate argument that his detention without an opportunity for bond violates the Due Process Clause. *See K.C. v. Individual Members of Med. Licensing Bd. of Indiana*, 121 F.4th 604, 631 (7th Cir. 2024) ("Courts should avoid resolving cases on constitutional grounds when they can be fairly resolved on statutory grounds."). The court also does not reach his argument that the government should bear the burden of proving that he is not entitled to release at any bond hearing that occurs. (ECF 6.) This conflicts with usual procedures, which provide that "[t]o secure release, the

6

alien must show that he does not pose a danger to the community and that he is likely to appear for future proceedings." *Johnson*, 594 U.S. at 527. At this point, it is unclear how the government intends to proceed now that the court has determined Mr. Singh cannot be held without bond under 8 U.S.C. § 1225(b)(2). It may decide to release him, or if he is given a bond hearing he might prevail before an immigration judge or be able to obtain relief from the BIA. Without a prior denial of bond on the merits that is alleged to be erroneous, the court leaves the parties to follow the usual process under § 1226.

For these reasons, the court:

(1) **CONDITIONALLY GRANTS** the petition (ECF 1) and ORDERS the Warden to release Yadwinder Singh on or before **May 8, 2026**, unless he is provided with an individualized bond hearing pursuant to 8 U.S.C. § 1226 and corresponding regulations;

(2) **DIRECTS** the clerk to email forthwith a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure compliance with this order; and

(3) **ORDERS** the Warden to file proof of compliance with this order by **May 11, 2026.**

SO ORDERED on May 1, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT